|  |  |
|---|---|
| GILEAD SCIENCES, INC., | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY |
| Plaintiff(s), | |
| -vs- | Hon. Susan D. Wigenton<br>Civil Action No. 10-4931 (SDW) |
| SIGMAPHARM LABORATORIES, | **PRETRIAL SCHEDULING ORDER** |
| Defendant(s), | |

**THIS MATTER** having come before the Court for a status conference pursuant to Rule 16 of the Federal Rules of Civil Procedure on January 4, 2011; Fitzpatrick, Calle, Harper & Scinto (Colleen Tracy, Esq., Timothy Kelly, Esq. and Lori A. Wolfe, Esq., appearing) and McCarter & English, LLP (William J. O'Shaughnessy, Esq., appearing) on behalf of Plaintiffs; Leydig, Voit & Mayer, Ltd. (John E. Rosenquist, Esq. and Anthony R. Friedman, Esq., appearing); Sterns & Weinroth, PC (Karen A. Confoy, Esq., appearing) on behalf of Defendant Sigmapharm; and for good cause shown and consistent with the local patent rules:

**IT IS** on this 28th day of January, 2011,

**ORDERED THAT:**

### I.  DISCOVERY AND MOTION PRACTICE

| | | |
|---|---|---|
| 1. | Parties to exchange initial disclosure: | On or before January 7, 2011 |
| 2. | Sigmapharm to produce ANDA: | January 4, 2011 |
| 3. | Sigmapharm to produce DMF: | January 14, 2011 |
| 4. | Service of initial requests for the Production of documents: | On or before January 14, 2011 |

| | | |
|---|---|---|
| 5. | Service of initial interrogatories: | On or before January 14, 2011 |
| 6. | Sigmapharm to provide written basis for its Invalidity Contentions (and produce asserted prior art): | January 18, 2011 |
| 7. | Sigmapharm to provide written basis for its Non-Infringement Contentions, including a claim chart (and produce corresponding documents): | January 18, 2011 |
| 8. | Parties to exchange claim terms that require claim construction by the Court: | February 1, 2011 |
| 9. | Gilead to provide asserted claims and infringement contentions, including a claim chart (and produce documents): | March 4, 2011 |
| 10. | Parties to exchange preliminary proposed constructions, with supporting evidence: | February 22, 2011 |
| 11. | Parties to file Joint Claim Construction and Prehearing Statement: | March 24, 2011 |
| 12. | Completion of discovery related to claim construction (except as to experts), including depositions: | April 25, 2011 |
| 13. | Close of fact discovery | 60 days after <u>Markman</u> Ruling |
| 14. | Parties to file and exchange opening Markman briefs and support evidence, including expert declaration(s): | May 9, 2011 |
| 15. | Completion of discovery from expert(s) who submitted a declaration in support of an opening Markman brief: | June 8, 2011 |
| 16. | Parties to file and exchange responding Markman briefs and support evidence, including expert declaration(s): | July 8, 2011 |

| | | |
|---|---|---|
| 17. | Parties to confer and propose schedule for Claim Construction Hearing: | July 22, 2011 |
| 18. | Opening expert reports: | 30 days after Markman Ruling |
| 19. | Parties to exchange Advice of Counsel materials for which privilege has been waived: | 30 days after Markman Ruling |
| 20. | Responding expert reports: | 14 days after opening expert reports |
| 21. | Close of expert discovery: | 30 days after responding expert reports |
| 22. | Reply expert reports: | None |
| 23. | Deadline for case or issue Dispositive motions: | 30 days after close of expert discovery |

## II. FINAL PRETRIAL CONFERENCE

24. A final pretrial conference shall be conducted pursuant to Civil Rule 16(d) at **a time and date to be assigned**.

25. Pursuant Judge Wigenton's form of Final Pretrial Order, all pretrial submissions must be served upon the Court **forty-eight (48) hours** prior to the final pretrial conference.

26. All counsel are directed to assemble at the office of Plaintiff's counsel not later than ten (10) days before the pretrial conference to prepare the proposed Final Pretrial Order in the form and content required by the Court, as well as the required pretrial submissions consisting of agreed-upon jury instructions, voir dire questions, verdict sheet, trial briefs and a neutral statement of the case to be read to the jury panel, all of which must be submitted **forty-eight (48) hours** before the final pretrial conference. Plaintiff's counsel shall prepare the Pretrial Order and shall submit it to all other counsel for approval.

27. The original of the Final Pretrial Order shall be delivered to Chambers not later than **forty-eight (48) hours** before the pretrial conference, along with all pretrial submissions and trial briefs. All counsel are responsible for the timely submission of the Pretrial Order and submissions.

## III. MISCELLANEOUS

28. The Court may from time to time schedule conferences as may be required, either <u>sua sponte</u> or at the request of a party.

29. Since all dates set forth herein are established with the assistance and knowledge of counsel, there will be no extensions except for good cause shown and by leave of Court, even with consent of all counsel.

30. A copy of every pleading, document or written communication with the Court shall be served on all other parties to the action.

31. There shall be a telephone status conference before the undersigned on **March 3, 2011 at 12:00 noon.** Plaintiff's counsel will initiate the telephone conference. Three days prior to the conference the parties are directed to submit a joint letter, not to exceed five pages. The letter shall address the status of discovery, any requested modifications to the existing discovery schedule and any anticipated discovery disputes.

32. No objections to questions posed at depositions shall be made other than as to lack of foundation, form or privilege. See Fed. R. Civ. P. 32(d) (3) (A). No instruction not to answer shall be given unless a privilege is implicated.

33. Any discovery dispute shall be brought to the Court's attention in the first instance by letter e-filed, a copy to Chambers, immediately after the parties' good faith attempt to resolve the dispute has failed. See L. Civ. R. 16.1(f)(1).

34. **FAILURE TO FOLLOW THIS DISCOVERY SCHEDULE WILL RESULT IN SANCTIONS PURSUANT TO Fed. R. Civ. P. 16(f) and 37.**

*s/Madeline Cox Arleo*
**MADELINE COX ARLEO**
**United States Magistrate Judge**

| | |
|---|---|
| Original: | Clerk of the Court |
| cc: | All Parties |
| | Deputy Clerk |
| | File |

**RIDER ON LENGTH OF BRIEFS**

The attention of the parties is directed to L. Civ. R. 7.2(b), as amended by Order filed September 3, 1991. Briefs "shall not exceed 40 <u>ordinary</u> typed pages***" (emphasis added). This page limitation shall be <u>strictly enforced</u>.

When submitting a brief in accordance with General Rule 27B, a party may request special permission to submit an additional brief on any point or points deemed to need additional pages of argument. This request must be made by letter not to exceed two ordinary typed or printed pages and <u>must</u> be submitted with the brief.

The Court shall, in its sole discretion, decide whether to allow additional briefing on review of the party's General Rule 27B brief and letter.

The Court also reserves the right, in its sole discretion, to require additional briefing on any point or points after review of the written submissions of the parties or oral argument.